# EXHIBIT A

Electronically Received 11/24/2021 12:03 PM

| | |
|---|---|
| 1  **LOPEZ, BARK & SCHULZ LLP**<br>Harry J. Schulz, III, Esq. (SBN 205625)<br>2  *hschulz@lbslawyers.com*<br>Michael E. Lopez, Esq. (SBN 214937)<br>3  *mlopez@lbslawyers.com*<br>Brian Z. Bark, Esq. (SBN 217514)<br>4  *bbark@lbslawyers.com*<br>James P. Miller, Esq. (SBN 307189)<br>5  *jmiller@lbslawyers.com*<br>6<br>300 Spectrum Center Drive, Suite 1550<br>7  Irvine, CA 92618<br>(949) 383-9585 phone<br>8  (714) 242-1544 fax | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/24/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ N. Osollo _____ Deputy |

9   Attorneys for Plaintiff, Terrance Robinson

10

11                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                                FOR THE COUNTY OF LOS ANGELES

13                    STANLEY MOSK COURTHOUSE - CENTRAL JUDICIAL DISTRICT

14

| | |
|---|---|
| 15  TERRANCE ROBINSON, | Case No. 21STCV26712 |
| 16           Plaintiff, | Hon. Dennis J. Landin<br>Department 51 |
| 17      v. | **FIRST AMENDED COMPLAINT FOR DAMAGES**<br>(Compensatory and Punitive) |
| 18  STATE FARM GENERAL INSURANCE COMPANY, | |
| 19 | |
| 20           Defendant. | 1.  **BREACH OF CONTRACT;**<br>2.  **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** and<br>3.  **DECLARATORY RELIEF** |
| 21 | |
| 22 | |
| 23 | Complaint Filed: July 20, 2021<br>Trial Date: None |
| 24 | |

25

26          Plaintiff Terrance Robinson ("Robinson" or "Plaintiff") complains against Defendant State

27   Farm General Insurance Company ("State Farm" or "Defendant") as follows:

28

---
1
FIRST AMENDED COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

1. At all relevant times, Defendant State Farm was and is a corporation organized and existing under and by virtue of the laws of the State of Illinois, and was authorized to transact and was transacting the business of insurance throughout the State of California, County of Los Angeles.

2. Venue is proper in this Court pursuant to CCP § 395.5 because Defendant's obligation to perform, and the conduct giving rise to liability arose, in this County.

## FACTUAL BACKGROUND

3. On or about, October 11, 2019, Plaintiff applied for insurance with Defendant to cover a gold and diamond necklace valued at $67,000.

4. State Farm issued coverage for the necklace under Personal Articles Policy Number 75-GS-S979-8, covering the period between October 22, 2019 and October 22, 2020.

5. On May 26, 2020, Plaintiff was the victim of a robbery in which his necklace was stolen.

6. Instead of providing the coverage State Farm promised, by way of letter dated July 21, 2020, State Farm denied coverage stating that, "[b]ased on the decision of the State Farm Underwriting Department to rescind your policy, we hereby reject and deny the above referenced claim due to there not being an active policy on the date of loss."

7. State Farm's purported rescission was wrongful. Among other things:

   a. The application question that State Farm based its rescission on was both confusing and answered by Plaintiff truthfully. In response to the question at issue, "[h]as the applicant or any household member had any losses, insured or not, in the past 3 years," Plaintiff notified State Farm's agent of a prior claim with the Automobile Club, a claim for which Automobile Club had advised Plaintiff that nothing was owed. State Farm's agent advised Plaintiff that such matter did not rise to the level that needed to be included on the application.

   b. State Farm was fully aware of the prior Automobile Club claim by virtue of being a member of Comprehensive Loss Underwriting Exchange ("CLUE"). Per the CLUE report obtained through Lexis Nexus (to which State Farm subscribes), both this matter and the prior

---
2
FIRST AMENDED COMPLAINT FOR DAMAGES

Automobile Club matter, are listed. Thus, State Farm was directly aware of the Automobile Club matter at the time it issued the policy.

        c.    State Farm continued to collect premiums from Plaintiff after it purported to rescind coverage effective July 13, 2020, including by way of payment collected on July 29, 2020, for $150.74.

        d.    State Farm attempted to wrongfully convert and keep Plaintiff's premiums after purporting to "rescind" coverage. Indeed, it was not until Mr. Robinson obtained counsel and sought an accounting of premiums that State Farm attempted to cover its wrongful and illegal conduct by belatedly sending Robinson a check – which was processed on December 16, 2020, days after counsel for Plaintiff asked State Farm for an accounting.

    8.    State Farm's conduct since purporting to rescind coverage continues to be despicable. For example, in response to Plaintiff's letter of February 24, 2021, State Farm promised on March 11, 2021, to look into the circumstances surrounding the rescission and "respond accordingly." State Farm never did so. Neither did State Farm respond to a follow-up letter sent on June 10, 2021. Instead, on June 14, 2021, State Farm called and advised that it would be sending a response shortly. State Farm delayed further. Likewise, State Farm never advised Plaintiff of any deadlines to bring an action under the policy and further refused to provide counsel for Plaintiff with a copy of the policy, thereby forcing Plaintiff to file this suit in advance of the one-year anniversary of State Farm's denial, just on the offside chance that the policy contains an undisclosed contractual limitations period. Incredibly, when State Farm finally did respond (after this suit was filed), it appears to have purposefully waited until after a year in an effort to give itself the benefit of an undisclosed contractual limitations period

    9.    Plaintiff has paid all premiums and has duly performed and complied with all terms and conditions of the State Farm policy, and/or such performance has been excused including because of State Farm's conduct as alleged herein, and Plaintiff is entitled to the full benefits and provided by the State Farm policy.

//

//

---

3

FIRST AMENDED COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

10. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 9 above.

11. Pursuant to the terms of the State Farm policy, State Farm is obligated to pay for the loss of the necklace.

12. State Farm has breached its insurance contract by wrongfully claiming to rescind the policy and by denying coverage.

13. As a direct result of State Farm's breach of its insurance contract, Plaintiff has been deprived of the full benefits of insurance coverage.

14. Plaintiff has suffered damages in excess of $67,000, including the value of the stolen necklace, loss of use of the necklace, and such other damages to be proven at trial.

## SECOND CAUSE OF ACTION - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

15. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 14 above.

16. Implied in the State Farm policy is a covenant that Defendant will act in good faith and deal fairly with its insured; that it will do nothing to interfere with its insured's right to receive the benefits of the policy; that it will not place its own interests above those of its insured; that it will exercise diligence, good faith, and fidelity in safeguarding the interests of its insured; that it will deal ethically with its insured; that it will promptly, fairly, equitably, and thoroughly process Plaintiff's claims; and that it will fairly and adequately inform Plaintiff of the nature and scope of insurance coverage (herein referred to as "the implied covenant of good faith and fair dealing").

17. Defendant has breached the implied covenant of good faith and fair dealing by engaging in the conduct alleged herein.

18. Plaintiff is informed and believes and thereon alleges, that State Farm breached the implied covenant of good faith and fair dealing, and did the things and committed the wrongful acts alleged above, for the purpose of willfully and consciously withholding from Plaintiff the rights and benefits to which it is entitled under the State Farm policy, and in complete disregard of

said rights. In so doing, State Farm has placed its own interests above those of Plaintiff for the purpose of retaining money that should have been paid to Plaintiff.

19. Under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1983), Plaintiff is entitled to recover all costs, its attorneys' fees and expenses that it has incurred and will incur to obtain the benefits of insurance that have been, and continue to be, wrongfully and in bad faith withheld by Defendant.

20. The despicable conduct alleged herein was done with a willful and conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff, such as to constitute oppression, fraud, or malice under California Civil Code section 3294. Thus, Plaintiff is entitled to punitive damages in an amount appropriate to punish or set an example of State Farm.

## THIRD CAUSE OF ACTION – DECLARATORY RELIEF

21. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 20 above.

22. An actual controversy has arisen and now exists between Plaintiff and State Farm regarding State Farm's purported rescission of the State Farm policy and denial of coverage.

23. Plaintiff contends that State Farm's rescission claim is both wrongful and ineffective, and that instead State Farm is obligated to provide the coverage promised under its policy.

24. Despite repeated correspondence, State Farm refuses and continues to refuse to provide coverage.

## PRAYER FOR RELIEF

1. Compensatory and general damages according to proof;
2. Special and incidental damages according to proof;
3. Prejudgment interest at the maximum legal rate;
4. Punitive damages in amounts appropriate to set an example of Defendant due to its despicable conduct;
5. For costs and attorneys' fees;

5
FIRST AMENDED COMPLAINT FOR DAMAGES

6.  For a declaration that the State Farm policy is not rescinded and provides coverage for the loss;

7.  For such other and further relief as the Court deems just and proper.

Dated: November 24, 2021

LOPEZ, BARK & SCHULZ LLP

By: _____
Brian Z. Bark
Attorneys for Plaintiff, Terrance Robinson

---
6
FIRST AMENDED COMPLAINT FOR DAMAGES